UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A PETERS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01510-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of John A. Peters, III (as amended) for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

### A. Background

Drug charges against Peters in No. 1:11-cr-85-JMS-DKL-01 were resolved through the submission and acceptance of a plea agreement between Peters and the United States. In addition, the plea agreement provided that, with one exception noted below, Peters waived his right to appeal his conviction and sentence and expressly agreed not to contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. ' 2255.

The court accepted Peters' plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* In doing so, the court found that Peters was entering his plea of guilty knowingly and voluntarily, and understood the consequences of his plea. On

December 3, 2012, the court sentenced Peters. Peters' current arguments to the contrary are refuted by the transcripts and by the Court's knowledge of the proceedings and are otherwise of peripheral significance here. *See Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)("In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion").

Peters appealed the denial of his motion to suppress. That ruling was affirmed on appeal in *United States v. Peters,* 743 F.3d 1113 (7th Cir. 2014). This action followed.

### B. Discussion

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Peters has filed such a motion, asserting that he was denied the effective assistance of counsel in connection with the prosecution of his motion to suppress and his guilty plea.

The Respondent's initial response is that Peters has waived these claims. The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are

enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

Peters' claim with respect to the motion to suppress is readily resolved. First, pursuant to the foregoing authority, the argument has been waived by the terms of the plea agreement. Even considering the merits, Peters' claim fails. He argues counsel was ineffective for failing to challenge his arrest. However, as the Respondent notes, the lawful stop of Peters' car and a companion car produced evidence resulting in an on scene investigation that ultimately revealed the heroin for which Peters was arrested charged. The stop was lawful, and the detention prior to his arrest was brief and equally lawful. There is simply no unreasonable performance by counsel in failing to challenge the arrest.

With respect to his guilty plea, Peters' specific contention is that his attorney failed to correctly advise him of the mandatory minimum and maximum terms of imprisonment applicable to his offenses prior to and during the change of plea hearing. Peters also claims that because he was under a misapprehension of these limits his plea of guilty was not knowingly and voluntarily made.

Peters has not shown that his binding plea agreement was not knowingly and voluntarily made. While the case does present somewhat of a moving target, following the dismissal of the §851 enhancement, and to resolve outstanding issues concerning relevant offense conduct that significantly affected the guideline offense level computation, the parties' ultimately agreed to a binding plea of 120 months which was within the guidelines that would be in effect if Peters prevailed in his objection to the presentence report. And contrary to Mr. Peters' contentions, the record does establish that the import of the dismissal of the §851 reduced the mandatory minimum sentencing range for the case. Specifically, in the original plea colloquy the record reflects that the

10 year minimum was the enhanced penalty. More important, on the revised PSR prepared following the dismissal of the enhancement, the sentencing range is clearly shown:

| | | |
|---|---|---|
| **Offense:** | <u>Count 1:</u> | Conspiracy to Possess With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846<br>Class B felony<br>5 to 40 years of imprisonment, $5,000,000 fine, not less than 4 years supervised release |

Also, his original plea agreement sets forth the statutory minimum and maximum periods of incarceration for the offense with which he was charged and explicitly notes the range is enhanced because of the prior conviction.

Peters acknowledged his awareness and understanding of the minimum and maximum sentences and understood his exposure in relation to the Sentencing Guidelines and the Court's authority to impose a sentence below or above the Guidelines. And he explicitly and clearly acknowledged the precise sentence he was to receive in the renegotiated binding plea. In these circumstances, it is of no consequence what additional communication Peters had with his attorney concerning the range of possible penalties he faced. The requirement associated with his plea of guilty that he be aware of the penalties he faced in order for the plea to be "knowingly" entered was completely met in this case and Peters' contention otherwise are refuted by the record. *United States v. Bradley*, 248 F.3d 1160 (7th Cir. 2000). That record binds Peters and demonstrates that there is no merit to his challenge to the conviction based on his plea of guilty. "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan,* 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Peters has not met that burden.

### C. Conclusion

Peters' motion for relief pursuant to 28 U.S.C. § 2255 fails to show that his conviction has been entered in violation of the Constitution or laws of the United States. That motion is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings,* and 28 U.S.C. ' 2253(c), the court finds that Peters has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  May 14, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JOHN A PETERS, III
09990-028
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962